BIG BOYS STEEL ERECTION, INC., Appellant,

v.

HERCULES CONSTRUCTION COMPANY, and Acme Structural, Inc., Respondents.

No. 54727.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 14, 1989.

Jerrold H. Chapnick, Clayton, for appellant.

Richard F. Huck, III, St. Louis, for Hercules.

Marvin M. Klamen, Clayton, for Acme Structural, Inc.

SATZ, Judge.

Plaintiff, Big Boy's Steel Erection, Inc. (Big Boys), appeals the dismissal of its claims against Hercules Construction Co. (Hercules), Acme Structural, Inc. (Acme) and United States Fidelity & Guaranty Co. (USF & G). We affirm.

This litigation arose out of the construction of Concourse D at Lambert St. Louis International Airport. The City of St. Louis (City) contracted with Hercules, the general contractor. Hercules contracted with Acme, as a subcontractor, and, Acme, in turn, contracted with Big Boys. After a series of delays and cost increases, Big Boys sued Hercules, Acme and Hercules' surety, USF & G. Hercules and USF & G then impleaded the City and, subsequently, amended their third party petition to add their direct claims against the City.

On February 19, 1988, an agreement, dated February 18, 1988, was signed by representatives of Hercules, Acme, Big Boys and USF & G. The agreement is a release by Acme and Big Boys of any claims they may or will have against Hercules in exchange for a money payment. In the agreement, Acme and Big Boys also authorize Hercules to process their claims against the City on their behalf. Hercules and Big Boys then filed a "Stipulation" that Hercules would "assume the posture of plaintiff for purposes of trial presentation."

According to the briefs, the case was set for trial on March 14, 1988. Apparently, on March 11, 1988, Hercules and USF & G reached a settlement with the City. The terms of this settlement do not appear in the record. However, Hercules states in its brief that it did not obtain any additional funds from the City on behalf of Big Boys or Acme. According to its brief, Hercules' counsel notified Big Boys' counsel of this settlement, then, requested Big Boys· to pass the underlying case for settlement and to formally dismiss its claims. Apparently, Big Boys refused, maintaining that Hercules had no authority to settle Big Boys' claim against the City and that Hercules was required to proceed to trial. Apparently, there is no dispute about these facts.

On March 14, the date set for trial, Hercules and USF & G filed a "Motion to Dismiss/For Summary Judgment", which was supported by the attached "letter agreement". After argument, the trial court entered an order stating its "intention to sustain said motion to dismiss" and continued the case until March 17, for settlement of Hercules' third party claims against the City. This delay afforded Big Boys an opportunity to file its "Suggestions" in opposition to the Motion. Big Boys attached two and one half pages of unsigned handwritten notes to its Suggestions and contended these notes were part of the letter agreement and "defined" its meaning. On March 17, the trial court construed Hercules' Motion to be a "Motion

to Dismiss" and granted it. This appeal followed.

An initial review of the record in this appeal revealed no specific description or designation of the record before the trial court. *See e.g., Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 116 (Mo.App.1986). At our direction, our Clerk requested the parties to correct this defect. (See Appendix A). The correction was not made prior to oral argument. At oral argument, the parties did agree the letter agreement and the handwritten notes of Big Boys' counsel were before the trial court. They also agreed that there was before the trial court an affidavit originally filed in our Court in support of a petition for writ of prohibition. These documents plus Big Boys petition, thus, constituted the record before the trial court.

■ Although the trial court construed Hercules' Motion to be a "Motion to Dismiss", the parties treat the Motion primarily as a Motion for Summary Judgment. The parties' treatment not only squares with the actual language of the Motion, it is also consistent with the parties' agreement, in oral argument before us, that the trial court had submitted to it the "letter agreement", the handwritten notes of Big Boys' counsel and the affidavit of Big Boys' counsel. The apparent failure of the trial court to exclude these documents from its consideration fixed Hercules' Motion as a Motion for Summary Judgment, rather than a Motion to Dismiss. See Rule 55.-27(a), (b); *e.g., Black Leaf Products Co. v. Chemisco, Inc.,* 678 S.W.2d 827, 829 (Mo. App.1984). The parties do, at times, treat the Motion as a Motion to Compel Settlement. The Motion, however, walks and talks and looks more like a Motion for Summary Judgment than a Motion to Compel Settlement. Thus, we review the trial court's order as a grant of a Motion for Summary Judgment, based upon the record agreed to by the parties in oral argument.

■ On appeal, Big Boys contends the trial court improperly granted Hercules' Motion because there is a "genuine issue as to a material fact". Big Boys' reasoning in support of this contention is neither clear nor explicit. As we understand it, Big Boys, in its initial brief, contends the letter agreement is not the entire agreement and the letter must be supplemented with the handwritten notes of Big Boys' counsel. These notes provide, Big Boys points out, that Hercules was required to proceed to trial against the City. Thus, Big Boys contends, under the entire agreement, the letter agreement as supplemented by the handwritten notes, Hercules was not authorized to settle Big Boys' claim against the City. Therefore, Big Boys reasons, a question of fact exists: whether Hercules agreed to the provisions in the handwritten notes, or, stated otherwise, whether the parties intended to allow Hercules to settle Big Boys' claim against the City. We disagree. On the present record, there is no genuine issue as to the intent of the parties.

In the letter agreement, the parties acknowledge that certain claims made by Acme and Big Boys against Hercules "resulted from interferences, inefficiencies and disruptions caused by the City...." Because of its contractual relations with Acme and Big Boys, Hercules acknowledges it is "obligated to prosecute these claims in its name against the [City], and to pay over to Acme monies received by [it] on Acme and Big Boys' behalf." Hercules then agrees to "vigorously prosecute and pursue the claims of Hercules, Acme [and] Big Boys" against the City, and "Acme and Big Boys" agree to "cooperate with Hercules in this effort". Hercules also agrees to pay to Acme $241,500.00, and Acme agrees to pay Big Boys $41,650.00.

In exchange, Acme and Big Boys agree their damages were caused "by the acts and omissions of the City", and they agree "to limit any further recovery on their claims to the amount Hercules recovers against the City, *either in litigation or settlement.*" (emphasis added) Thus, the letter agreement expressly contemplates

that Hercules may recover on Big Boys' behalf by settling with the City.

Nonetheless, Big Boys contends that, in promising to "vigorously prosecute" Big Boys' claim, Hercules agreed to process the claim only by trial and not by settlement. Of course, Hercules sees it differently, as do we. "Vigorously prosecute" is not inconsistent with "litigation" or "settlement."

Moreover, express provisions are made to limit the resolution of the issues among the parties to the letter agreement. Thus, in the agreement, Acme and Big Boys "release Hercules and USF & G from all other claims and actions, present or future, arising from or related to the subject matter" of the lawsuit, and Hercules agrees to "release, hold harmless and indemnify Acme and Big Boys from ... all claims ... by the City ...", present or future, ... arising from, or related to the subject matter" of the lawsuit. Then, immediately above the parties required signatures, the agreement declares it is to be "a total resolution of all the issues" among the parties "in regard to ... [their] claims ... [based upon] their respective contracts on the Concourse D" of the Airport. The plain meaning of the clear and explicit language of the letter agreement makes the intent of the parties clear and explicit. The parties intended to authorize Hercules to process Big Boys claims against the City by "litigation or in settlement", and they intended the letter to be the entire agreement among them.

■ To raise a question about the intent of the parties made manifest by the letter agreement, Big Boys is required to rely on specific verified facts. Rule 74.04(e); *e.g., Seliga Shoe Stores v. City of Maplewood*, 558 S.W.2d 328, 331 (Mo.App.1977). Unverified facts or conclusory allegations will not suffice. *Landmark North County Bank and Trust Co. v. National Cable Training Centers*, 738 S.W.2d 886, 890 (Mo.App.1987).

■ However, Big Boys does not rely on verified fact. It relies on its counsel's unverified recollection of conversations and conduct which occurred at the time and after the letter agreement was signed. Without verification, these recollections have no probative value in a motion for summary judgment. *See Brown v. Upjohn Co.*, 655 S.W.2d 758, 759 (Mo.App. 1983); Rule 74.04(e).

According to the parties, the only verified document submitted to the trial court was the affidavit of Big Boys' counsel. Big Boys, understandably, does not rely on this affidavit. The affidavit consists of conclusions, statements of fact unrelated to the issue of intent of the parties and other statements which, at best, are equivocal and conclusory in nature.

Fraud or ambiguity may have served as a theoretical foundation for using the handwritten notes as parol evidence to raise a question about the intent of the parties manifested in the letter agreement. *See, e.g., Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 325 (Mo. banc 1979); *Haggard v. Mid–States Metal Lines, Inc.*, 591 S.W. 2d 71, 77 (Mo.App.1979). But, Big Boys, in its initial brief, does not argue it was fraudulently induced to sign the letter agreement nor does it argue the terms of that agreement were ambiguous.

■ Admittedly, Big Boys does refer to these arguments in is reply brief. We do not address these references for two reasons. First, the references are merely bald statements without supporting argument. We are not required to address assertions made without reasoning. *See, e.g., Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 912 (Mo.App.1984). Second, Big Boys made these assertions for the first time in its reply brief. Simple fairness precludes us from considering an assertion Hercules had no opportunity to address. *See Nichols v. Koch*, 741 S.W.2d 87, 89 (Mo.App. 1987); *State v. Davis*, 675 S.W.2d 410, 418 (Mo.App.1984).

Moreover, if we were to consider these assertions on the merits as plain error, Big Boys still would not prevail. The present record does not contain verified facts to

support a claim of fraudulent inducement and the letter agreement, as previously demonstrated, is not ambiguous. Big Boys, likewise, is not aided by its bald assertion of lack of notice made by it for the first time in its reply brief. *See e.g., Nichols v. Koch, supra.* Admittedly, the record does not disclose any notice given to Big Boys by Hercules for either a Motion to Dismiss, Rule 44.01(d), or a Motion for Summary Judgment, Rule 74.04(c), a fact not developed by Big Boys bald assertion.

But this deficiency may well have been resolved by Hercules in its favor had it been given the opportunity to do so by Big Boys properly raising this issue in its initial brief.

Judgment affirmed.

SMITH, P.J., and STEPHAN, J., concur.

## APPENDIX A

**JAMES A. PUDLOWSKI**
CHIEF JUDGE
**ROBERT G. DOWD**
JUDGE
**GERALD M. SMITH**
JUDGE
**JOHN J. KELLY, JR.**
JUDGE
**JAMES R. REINHARD**
JUDGE
**ALBERT J. STEPHAN, JR.**
JUDGE
**ROBERT E. CRIST**
JUDGE
**HAROLD L. SATZ**
JUDGE
**PAUL J. SIMON**
JUDGE
**WILLIAM H. CRANDALL, JR.**
JUDGE
**CARL R. GAERTNER**
JUDGE
**KENT E. KAROHL**
JUDGE
**GARY M. GAERTNER**
JUDGE
**STANLEY A. GRIMM**
JUDGE

**DEIRDRE O'MEARA AHR**
OFFICE OF THE CLERK
AREA CODE 314
444-6960

## Missouri Court of Appeals

EASTERN DISTRICT
WAINWRIGHT STATE OFFICE BUILDING
111 NORTH SEVENTH STREET
ST. LOUIS, MISSOURI 63101

November 1, 1988

Re:  Big Boy's Steel Erection, Inc.
     vs. Hercules Construction Company, et al.
     No.  54727

Dear Counsel:

A review of all the briefs in the above noted cause shows that certain facts are stated in both the Statements of Facts and Arguments of each brief which have no reference citations to the record before the trial court. In addition, there is no express statement in the briefs which sets out the pleadings, documents, and other evidence which were before the trial court at the time the court ruled on Hercules's "Motion to Dismiss/Motion for Summary Judgment."

Unless these defects are corrected on or before November 10, 1988, your brief is subject to dismissal. Rule 84.04(h); Hill v. Air Sheilds, Inc., 721 S.W.2d 112, 116 (Mo. App. 1987).

Very truly yours,

Deirdre O'Meara Ahr
Clerk of the Court

DOA/bmc

cc:  Douglas R. Bader, EJA
     Judges, Division IV