Donna WALIHAN, Cynthia Walihan Crispi, and Pamela Walihan Patrich, Plaintiffs–Appellants–Cross–Respondents,

v.

ST. LOUIS–CLAYTON ORTHOPEDIC GROUP, INC. and Ronald C. Hertel, M.D., Defendants–Respondents–Cross–Appellants.

Nos. 65255, 65256.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 24, 1995.

Andrew J. Tuteur, Wiseman, Shaikewitz, McGivern, Wahl, Flavin, Hesi, Barylske & Mormino, P.C., Alton, IL, for appellants/cross-respondents.

Morris E. Stokes, Linda Cary Hinshaw, Stokes & O'Malley, P.C., Clayton, for respondents/cross-appellants.

CRANDALL, Judge.

Plaintiffs, Donna Walihan, Cynthia Walihan Crispi, and Pamela Walihan Patrich, appeal from the judgment of the trial court, entered pursuant to a jury verdict, against defendants, St. Louis–Clayton Orthopedic Group, Inc. (orthopedic group) and Ronald C. Hertel, M.D., in the amount of $60,000.00. The court's judgment reflected the deduction of a portion of a settlement in an Illinois action from damages awarded by a jury in a Missouri action, both actions arising out of the wrongful death of James Walihan (dece-

dent). Defendants cross-appeal, alleging that the trial court should have admitted evidence of workers' compensation benefits received by plaintiffs. We affirm.

We view the evidence in the light most favorable to the verdict. Donna Walihan, decedent's widow, and Cynthia Walihan Crispi and Pamela Walihan Patrich, decedent's children, brought an action in Illinois for the wrongful death of decedent as well as for the bodily injuries he sustained prior to his death. Plaintiffs settled their Illinois claims for $300,000.00, without allocating the damages between the personal injury claim and the death claim.[1]

Prior to resolving the Illinois action, plaintiffs also brought an action for wrongful death in Missouri against Dr. Hertel, the orthopedic group, and St. Luke's Episcopal Presbyterian Hospital (St. Luke's). St. Luke's settled for $40,000.00. A jury returned a verdict in the amount of $300,000.00 against Dr. Hertel and the orthopedic group. The trial court summarily set off the total Illinois settlement of $300,000.00 against the Missouri verdict and entered judgment for Dr. Hertel and the orthopedic group.

In *Walihan v. St. Louis–Clayton Orthopedic Group, Inc.*, 849 S.W.2d 177 (Mo.App. E.D.1993) (*Walihan I*), this court reversed that judgment and remanded the cause for the trier of fact to determine the amount of the Illinois settlement allocable to the wrongful death claim, that amount to be deducted from the damages awarded in the Missouri wrongful death action. Upon remand, the jury rendered a verdict determining that the portion of the Illinois settlement attributable to the wrongful death claim was $200,000.00. The trial court entered judgment in favor of plaintiffs for $60,000.00 (the $300,000.00 Missouri verdict, minus $200,000.00 of the Illinois settlement, minus the $40,000.00 settlement with St. Luke's).

In their sole point on appeal, plaintiffs contend the trial court erred in offsetting the Missouri judgment by $200,000.00 of the Illinois settlement because defendants did not present sufficient evidence as to the proper

amount of the setoff. Referring to *Walihan I*, plaintiffs argue:

> Dr. Hertel presented no new evidence in the second trial beyond that evidence presented in the first trial to establish what amount, if any, of the Illinois settlement was attributable to [decedent's] wrongful death. This court has held, as a matter of law, that the evidence presented in the first trial was insufficient to satisfy Dr. Hertel's burden of proof in establishing the amount, if any, of the Illinois settlement attributable to [decedent's] wrongful death. As a result, there has been a total failure of proof on the amount of an offset, if any, to which Dr. Hertel is entitled.

(citation omitted).

In *Walihan I*, the Illinois settlement was not specifically allocated between the injury claim and the death claim. *Walihan*, 849 S.W.2d at 181. After trial, defendants' proof of the Illinois settlement consisted merely of the existence and total amount of the settlement. *Id.* This court said that such evidence was not conclusive as a matter of law and that the trial court erred in summarily entering judgment in favor of defendants. *Id.* at 182. Although the $40,000.00 settlement by St. Luke's was not at issue, the amount of the Illinois settlement that could be used as a setoff against the Missouri verdict remained a disputed issue. *Id.* at 182. This court reversed the judgment and remanded the cause for a factual determination of the amount of the Illinois settlement attributable to the death claim, which amount would then serve to reduce the damages awarded by the jury in the Missouri death claim. *Id.*

In *Walihan I*, this court did not say, as plaintiffs contend, that the evidence of the Illinois settlement was insufficient or not probative as a matter of fact. Rather, this court held that the evidence before the trial court was not conclusive as a matter of law; and that summary disposition was inappropriate when the amount of the prior settlement attributable to the death claim was a

---

1. Under its survival statute, Illinois permits recovery for both wrongful death and damages incurred prior to death. *Walihan v. St. Louis–* *Clayton Orthopedic Group, Inc.*, 849 S.W.2d 177, 180 (Mo.App.E.D.1993).

disputed issue to be resolved by the trier of fact.

The question in the case before us is not whether the evidence was the same as that presented in *Walihan I;* but whether, as a matter of fact, there was substantial evidence to support the setoff. Not all of the evidence adduced in the case before us was presented previously to the trial court for its consideration in *Walihan I* on the specific issue of allocating a portion of the Illinois settlement to the death claim. Here, on the issue of the Illinois settlement, defendants presented various documents to the court, including the settlement agreement and the release; and offered the testimony of various witnesses, including Dr. Hertel, plaintiffs, and the attorney who represented plaintiffs in the Illinois action. The evidence was sufficient for the jury to conclude that the Illinois settlement existed and that it should be allocated between the injury claim and the death claim. Plaintiffs' point on appeal is denied.

In their cross-appeal, defendants assert the trial court erred in refusing to permit them to present evidence that plaintiffs received workers' compensation benefits of over $400,000.00. They argue that those benefits should also be set off against the Missouri verdict.

Pursuant to the doctrine of the "law of the case," a former adjudication is conclusive not only as to all questions raised directly and passed upon, but also as to matters which arose prior to the first appeal and which might have been raised thereon but were not. *Heineman v. Heineman,* 845 S.W.2d 37, 40 (Mo.App.W.D.1992).

In *Walihan I,* defendants did not raise the issue of whether the Illinois award of workers' compensation benefits should reduce the Missouri verdict. In their brief filed in *Walihan I,* defendants stated, "[T]he Walihans also received in excess of four hundred thousand dollars ($400,000.00) in settlement for an Illinois worker's compensation claim involving the same work-related back injury, which sum is not at issue in this appeal." Defendants could have raised the issue of the deductibility of the workers' compensation benefits from the Missouri verdict

in their first appeal. To permit them now to raise that issue in the present appeal contravenes the "law of the case" doctrine. Defendants' point on cross-appeal is denied.

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.