## STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Appellant,

v.

## McDONALD'S CORPORATION, et al., Exceptions of Clarkson Clayton Center Associates, et al., Defendants/Respondents.

### No. 69438.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 8, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1996.

Paul R. Sterrett, Sr. Asst. Counsel, Philip E. Morgan, Jr., Dist. Counsel, Rich Tiemeyer, Chief Counsel, Mo. Highway & Transp. Comm., Chesterfield, for plaintiff/appellant.

Robert Denlow & Paul G. Henry, Clayton, for defendants/respondents.

CRANDALL, Judge.

Plaintiff, Missouri Highway and Transportation Commission (Commission), appeals from the judgment of the trial court, after a jury verdict, awarding defendant landowners (landowners), Clarkson Clayton Center Associates, a total of $368,000 in condemnation damages, later reduced to $363,852 on remittitur. This is the second appeal. *See State ex. rel. Missouri Hwy. & Tr. Comm'n v. McDonald's*, 872 S.W.2d 108 (Mo.App. E.D. 1994) (hereinafter referred to as *"McDonald's I"*). We reverse and remand.

This condemnation action resulted from the taking of part of two parcels of a shopping center by the Commission. The parcels, part of the Clarkson Clayton Center, are on lot five (parcel 51) and on lot three (parcel 54). Lot five contains the L-shaped Dierbergs Center building, which is anchored by a Dierbergs grocery store. Other businesses in the center rent space and common ground. The taken property on lot five included a permanent easement of 16,523 square feet, a temporary construction easement, a drainage easement and a sidewalk easement. Lot three contains an office building. The taking on lot three included a temporary construction easement and a sidewalk easement.

In *McDonald's I*, the Commission filed its condemnation petition in April 1991. *McDonald's I*, 872 S.W.2d at 110. The petition filed before the Commission divided the land taken among two parcels. No objections

were raised to the petition's designation of the two separate parcels at trial or at any other time. Court-appointed Commissioners filed a report in August 1991, assessing damages at $149,000 for lot five and $9,500 for lot three. *Id.* Exceptions were filed by both parties and separate cause numbers assigned. *Id.* The two cases were consolidated and tried together. *Id.* At trial, the jury found for the landowners and awarded $30,000 for lot five and $3,000 for lot three, for a total of $33,000 in damages. *Id.* at 111. The landowners appealed, and the cause was reversed and remanded. *Id.* at 110.

On retrial, landowners changed their theory of damages. The landowners combined the two parcels alleging that they were contiguous, shared common ownership, and were part of the same development. *See e.g. State ex. rel. Missouri Hwy. & Tr. Comm'n v. Starling Plaza Partnership,* 832 S.W.2d 518 (Mo.banc 1992). The landowners valued the taken property as part of the entire shopping center. One of the landowners testified that the value of the whole property was $20 per square foot, and assessed damages for lot five (parcel 51) at $359,128 and damages for lot three (parcel 54) at $4,723. An appraiser for the landowners also testified. He valued the entire 34–acre shopping center development as a whole, and assessed the total value before and after the taking. He arrived at damages of $350,908 for lot five (parcel 51) and damages of $2,054 for lot three (parcel 54). The Commission had the taken property in parcel 51 valued only as part of parcel 51, and the taken property in parcel 54 valued only as part of parcel 54. The Commission's appraiser found the value of parcel 51 and parcel 54 to be the same before and after the taking, and assessed zero damages. He appraised parcel 51 and parcel 54 only, not the entire development.

The jury found damages of $362,200 for lot five (parcel 51) and $5,800 for lot three (parcel 54). The judge denied the Commission's motion for a new trial, and granted landowners' motion for remittitur. The final judgment awarded damages of $359,129 for parcel 51 and $4,723 for parcel 54. The Commission appeals from that judgment.

■ The Commission first argues that the trial court erred in allowing the landowners to value parcel 51 and parcel 54 as a portion of the whole property, rather than as separate parcels. We find *McDonald's I* to be dispositive of this issue.

■ In *McDonald's I,* there was never an issue as to whether there were two cases and two parcels: "The taking involved two parcels of property; one on lot five (parcel 51) of the center and one on lot three (parcel 54)." *McDonald's I,* 872 S.W.2d at 110. "Pursuant to the doctrine of the 'law of the case,' a former adjudication is conclusive not only as to questions raised directly and passed upon, but also as to matters which arose prior to the first appeal and which might have been raised thereon but were not." *Walihan v. St. Louis–Clayton Orthopedic,* 891 S.W.2d 545, 547 (Mo.App. E.D.1995). *McDonald's I* specifically referred to two separate parcels involved in the taking. Because this holding was unchallenged in the first appeal, it constitutes the law of the case and will remain such. *County Asphalt Paving v. 1861 Group,* 908 S.W.2d 184, 186, n. 1 (Mo.App. E.D.1995); *Walihan,* 891 S.W.2d at 547. The taking in parcel 51 should have been valued only as part of parcel 51, and the taking in parcel 54 should have been valued only as part of parcel 54.

■ Allowing the landowners to value the two separate parcels as a portion of the entire center prejudiced the Commission because it completely changed the method of computing the measure of damages. This effectively discredited the Commission's method of separate valuation and forced it to try a different lawsuit without the benefit of expert testimony valuing the land in accordance with the new method of computation. Permitting the landowners to value parcel 51 and parcel 54 as a portion of the entire 34–acre shopping center development was reversible error. Commission's first point is granted.

In light of our holding on point one, we need not address Commission's second and third points.

■ We do address the Commission's fourth and final point because this issue may

arise on retrial. The Commission argues that it was error for the court to admit testimony by landowners' witnesses which valued the common ground as part of the developable lots because this testimony credited the common ground with a changed, more valuable condition. The landowner's compensation for a taking is for the highest and best use of the land. *McDonald's I,* 872 S.W.2d at 111.

In *State ex rel. State Hwy. Comm'n v. Mann,* 624 S.W.2d 4, 6 (Mo.banc 1981), the Commission argued that land set aside by a quarry as a prerequisite to obtaining a special use permit should be valued as agricultural ground. The land was set aside after the Commission notified the county board that a highway easement would be needed. *Id.* The court found that the highest and best use for the condemned land was as part of the mine because if not for the actions of the Commission, that would have been the use of the condemned land. *Id.*

The facts of this case are similar. The Commission owned Clarkson Road and controlled the entrances to the planned shopping center. The City of Ellisville, anticipating the expansion of Clarkson Road, required the landowners to hold off the development of the back six lots. The Commission, because it controlled the entrances to Clarkson Road, made additional setback requirements on the landowners during negotiation meetings. The reservation of common ground resulted from these meetings and but for the Commission's requirements, the lots would have gone to the existing street line. The highest and best use of the common ground is as part of the developable lots. The trial court did not err in allowing testimony to support that use. Point denied.

The judgment of the trial court is reversed and the cause is remanded.

CLIFFORD H. AHRENS, C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.