**Thomas E. BAUER, Plaintiff/Appellant,**

v.

**Anthony D. RIBAUDO, and Roman Zegal Communications, Inc. Defendants/Respondents.**

**No. 72031.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 2, 1997.

Motion for Rehearing and Transfer Denied
Jan. 15, 1998.

Case Transferred to Supreme Court
April 21, 1998.

Case Retransferred to Court of
Appeals Sept. 22, 1998.

Original Opinion Reinstated
Oct. 5, 1998.

CRANDALL, Judge.

Plaintiff, Thomas E. Bauer, appeals from the trial court's grant of summary judgment on his defamation action. We affirm.

The case comes to this court for the second time. *Bauer v. Ribaudo*, 926 S.W.2d 38 (Mo. App. E.D.1996). Bauer was a candidate for state representative in the August 2, 1994 Democratic primary for the 65th district in the City of St. Louis. *Id.* at 40. Defendant, Anthony D. Ribaudo, was the incumbent.[1] Ribaudo and the other defendant, Roman Zegel Communications, Inc., produced a television commercial about Bauer that was aired on St. Louis television stations. The language of the commercial complained of is as follows: "And it was Tom Bauer that was part of the city court clerk gang, the same gang the Post–Dispatch reported may have stolen over one million dollars." *Id.*

Based on this language, Bauer brought a defamation action against defendants. The trial court granted summary judgment in favor of defendants. The court found that the alleged defamatory statement did not accuse Bauer of committing a crime and he failed to plead any facts demonstrating the statement was made with the requisite degree of malice to overcome defendants' qualified privilege. Bauer appealed from this judgment. *Id.* This court held a jury could find that the challenged statement could be interpreted to mean Bauer committed a crime and the evidence could support a jury finding of actual malice. *Id.* at 42. The judgment was reversed and the case remanded. *Id.*

After remand, defendants took Bauer's deposition. Based in part on this deposition, defendants filed another motion for summary judgment. Defendants contended, in part, that Bauer failed to allege and could not prove any actual damages. The trial court ultimately granted defendants' motion for summary judgment, finding that Bauer "failed in his burden to establish he can produce evidence sufficient to show actual damages." The court also found that Bauer had not "come forward with an affidavit or

Charles R. Oldham, St. Louis, for appellant.

Mariano Favazza, St. Louis, for Ribaudo.

Kevin O'Keefe, St. Louis, for Roman Zegel.

---

**1.** Ribaudo won the Democratic nomination and was reelected to the Missouri House of Representatives.

with deposition testimony of even one person who saw the ad in question and changed his or her opinion of plaintiff to one of contempt or ridicule based on a belief that it accused him of criminal conduct, or changed their vote based on the ad." Bauer appeals from this judgment.

When considering appeals from summary judgment, we review the record in the light most favorable to the non-movant, and give that party the benefit of all reasonable inferences. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Appellate review is essentially de novo. *Id.* A defendant may establish a right to judgment as a matter of law by showing that the plaintiff, after an adequate period of discovery, has not been able to produce and will not be able to produce, sufficient evidence to allow the trier of fact to find the existence of any element of plaintiff's action. *Id.* at 381. Facts set forth by affidavit or otherwise in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the motion. *Id.* at 376.

▪ Historically, the courts made distinctions between *per se* and *per quod* defamation actions. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 308 (Mo. banc 1993). False statements that impugned the plaintiff's ability to engage in his or her business, charged the plaintiff with a crime, insinuated that the plaintiff was inflicted with a loathsome disease, or claimed the plaintiff was unchaste were considered slander *per se* and damages were presumed from the nature of the defamation. *Id.* If the statements were not actionable as slander *per se*, the tort was considered slander *per quod*, and the plaintiff had to plead and prove special damages. *Id.* Libel *per se* referred to a statement whose defamatory meaning was facially apparent and libel *per quod* referred to a statement whose defamatory nature had to be proved through extrinsic facts. *Id.* Libel *per se* was actionable without proof of damages whereas libel *per quod*, by analogy to slander *per*

*quod*, required proof of special damages. *Id.* However, in *Nazeri* the Missouri Supreme Court held that the old rules of *per se* and *per quod* should no longer be applied. *Id.* at 313. Plaintiffs must now prove actual damages in all defamation cases. *Id.; Kennedy v. Jasper*, 928 S.W.2d 395, 400 (Mo.App. E.D. 1996).

▪ Bauer argues on appeal that his response to defendants' motion for summary judgment contradicted the trial court's findings and demonstrate the existence of genuine issues of material facts regarding damages.[2] Bauer first relies on his contention that Ribaudo's victory was narrow and it was a reasonable inference that but for the libelous statement the results of the election would have been different. However, Bauer failed to name during his deposition or present an affidavit of one person who changed their vote as a result of the commercial. Bauer specifically admitted in his deposition that he did not have the name of one individual who after seeing the commercial voted for Ribaudo and not himself. Bauer also failed to present any evidence as to his standing in the polls prior to and after the commercial was aired. *See Carey v. Pulitzer Publishing Co.*, 859 S.W.2d 851, 857 (Mo. App. E.D.1993). Bauer's belief, by itself, is insufficient for purposes of summary judgment in this case to show that the results of the election would have been different.

▪ Bauer relies on his deposition testimony that on election day "people refused his ballot and said crude things about the theft." Bauer failed to specify the name of one person or present any evidence that someone refused his ballot based on the language of the commercial. Bauer's belief is insufficient to establish that based on the commercial people refused his ballot. Bauer also cannot rely on any crude remarks regarding the "theft." The "theft" may not be referring to the same as that discussed in the commercial. Crude remarks about thefts lack the specificity to raise a genuine issue of fact. In addition, to the extent evidence is inadmissible at

---

2. In his response to defendants' motion for summary judgment, Bauer attached portions of his deposition. Bauer subsequently filed his affidavit to supplement the record and as an addendum to his response.

trial as hearsay, this may not be used to avoid summary judgment. *Partney v. Reed,* 889 S.W.2d 896, 901 (Mo.App. S.D.1994); *Yow v. Village of Eolia,* 859 S.W.2d 920, 922 (Mo.App. E.D.1993). Bauer also argues it is reasonable to infer that the "people" indicated by their statements that they had seen and believed the commercial. This argument fails for the same reasons.

Bauer also relies on his deposition testimony that "We had one guy who came into a meeting one night who was laughing about the guy who stole the money." Bauer stated he did not know the name of the person who was laughing. It is unclear whether the "guy who stole the money" referred to Bauer or that the theft was the same discussed in the commercial. Furthermore, if inadmissible at trial Bauer's version of the incident cannot be relied on to avoid summary judgment.

 Bauer next contends that to rebut and refute the allegations in defendants' commercial, he aired a commercial during his 1996 campaign. According to Bauer, The Committee to Elect Tom Bauer paid for the 1996 commercial. Bauer emphasizes that he loaned the money to the committee to air the 1996 commercial and therefore he suffered a financial loss. However, when testifying regarding the loan, Bauer stated that "[h]opefully it will be repaid in the future." Actual damages may not be based on evidence that is too speculative. *Snodgrass v. Headco Industries,* 640 S.W.2d 147, 157 (Mo.App.1982). Here, a loan to a committee to pay for a commercial that will "[h]opefully" be paid back is too speculative to create a genuine issue of material fact as to damages.[3]

Bauer also argues that the "necessary inference in the facts of this case from the statement standing alone is impairment of reputation and standing in the community." Bauer appears to suggest he does not need to present any evidence of actual damages, as damages can be presumed from the com-

plained of statement. By this argument, Bauer is effectively asking this court to revert back to the old rules regarding *per se* defamation actions. However, as previously discussed the Missouri Supreme Court has held that in defamation cases the old rules of *per se* and *per quod* do not apply and a plaintiff must prove actual damages. *Nazeri,* 860 S.W.2d at 313. Bauer failed to produce any evidence of actual damages and the complained of statement "standing alone" is insufficient. *See Taylor v. Chapman,* 927 S.W.2d 542, 544–45 (Mo.App. E.D.1996).

The judgment of the trial court is affirmed.

AHRENS, P.J., and KAROHL, J., concur.

---

3. Bauer's reliance on *Kennedy* is misplaced. Contrary to the present case, the plaintiff in *Kennedy* presented evidence of actual damages that included some people believing the defamatory statements, as demonstrated by certain people referring to the plaintiff as " 'Chester Mo-

lester,' " the plaintiff incurred medical expenses after a "connected" suicide attempt, and the plaintiff missed work during his hospitalization for the suicide attempt. *Kennedy,* 928 S.W.2d at 400.