**In the Estate of Anthony C. HOOPER, deceased.**

**Jill Lancaster, Personal Division Representative, Appellant.**

No. 70748.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 28, 1997.

Alan J. Agathen, Clayton, for appellant.

RHODES RUSSELL, Judge.

Personal Representative of the estate of Anthony C. Hooper appeals from an order denying her petition to pay the accountant's fee for services rendered to the estate from the funds of the estate. The St. Louis County Circuit Court, Probate Division, approved the payment of the personal representative's fee and the attorney's fee, but stated that the accountant's fee should be paid by the personal representative from the statutory fee she received. We reverse and order the accountant be paid from the funds of the estate.

Personal representative, the former wife of decedent, was granted Letters of Administration in September 1992. The total value of the assets of the estate disbursed through the probate proceedings was in excess of $1,000,000. Both she and the estate's attor-

ney were allowed over $24,000 each as minimum compensation for their services from the estate pursuant to § 473.153.1 and § 473.153.3 RSMo 1994.[1]

Personal representative hired an accountant to help in preparing the decedent's income and estate tax returns from 1992–1996. Accountant had been the decedent's personal accountant for many years prior. The accountant performed services totalling $7,942.50, for which a detailed record of time spent and services rendered was presented to the court.

The court did not question the amount of the accountant's bill, however, it denied the payment from the estate. The court stated that,

> "allowance of such requested accountant fee would result in payment of fees in excess of the statutory minimum fees for services for which the statutory minimum fees are intended to be reasonable compensation without a showing that the reasonable value of such services exceeds the statutory minimum fees."

We disagree.

■ Section 473.153.1 sets out the formula for calculating the minimum compensation for the personal representation based on a percentage of the value of assets of the estate administered and real property ordered to be sold. The statutory schedule of compensation contained in § 473.153.1 is prima facie evidence of reasonable compensation for services rendered. *Matter of Stroh,* 899 S.W.2d 534, 540 (Mo.App.1995).

The personal representative logically argues that if a personal representative was required to pay an accountant's fee from the personal representative's fee, the personal representative, would in fact, be receiving less than the statutorily required minimum compensation.

Section 473.153.4 specifically authorizes a personal representative to employ an independent accountant to assist in filing income and estate tax returns. The statute further states that "such person shall be allowed reasonable compensation for such services as determined by the court." The statute,

however, does not provide that such compensation should or may be made from the compensation received by the personal representative.

■ The court erred in refusing to pay the accountant's fee from the estate. Rule 84.14 permits the appellate court to "award ... or give such judgment as the court ought to give." *Davies v. Davies,* 887 S.W.2d 800, 805 (Mo.App.1994). The rendition or modification of a judgment, by the appellate court, is favorable where no further factual adjudication is necessary. *Alvino v. Alvino,* 659 S.W.2d 266, 272 (Mo.App.1983). In the instant case, there is no dispute that the accountant's fees were appropriate, and the only dispute concerned whether they should be paid by the estate or the personal representative. As such, judgment is reversed and it is ordered that the accountant be allowed a fee of $7,942.50 to be paid from the funds of the estate.

SIMON and DOWD, JJ., concur.

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.