William J. SHIFLETT, Respondent,

v.

Virginia R. SHIFLETT, Appellant.

No. WD 53572.

Missouri Court of Appeals,
Western District.

Sept. 2, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 28, 1997.

Application to Transfer Denied
Nov. 25, 1997.

that, although the trial court ordered her ex-husband to pay increased child support for the couple's two children, the trial court erred in failing to include any amount for their daughter's post-secondary educational expenses in that award. Although the court did not either expressly adopt one of the parties' Form 14s or prepare one of its own, it is evident from the size of its award that it adopted Mr. Shiflett's Form 14 and ordered Mr. Shiflett to pay one-half of the Form 14 amount for the support of each child and that the amount ordered to be paid included no amount for the college expenses of Mr. Shiflett's daughter.

We reverse and remand for two reasons. First, child support should be ordered as a total figure and not per child. Second, in adopting Mr. Shiflett's Form 14 without change the court erred as the record clearly required Mr. Shiflett to pay some amount of his daughter's college expenses, and Mr. Shiflett's form 14 allocated nothing for college expenses.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The marriage of Virginia Gledhill and William Shiflett was dissolved on May 3, 1985. According to the terms of the original dissolution decree, Mrs. Gledhill was awarded custody of the couple's two minor children, Lindsey and Adam, and Mr. Shiflett was ordered to pay child support in the amount of $200 per month for each child. At the time of this dissolution, Lindsey was eight years old and Adam was five years old.

On June 15, 1994, Mrs. Gledhill filed a motion to modify the dissolution decree, seeking an increase in child support. The motion alleged that there was a substantial and continuing change in circumstances because the children were older and their needs had changed, but the motion did not explicitly state how these needs had changed. The motion also alleged that there was a significant difference between the child support figure originally ordered and the presumed amount which would currently be due by application of Form 14.

Leslie Ann Schneider, Columbia, for appellant.

Gary G. Sprick, Fayette, for respondent.

Before ULRICH, C.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

LAURA DENVIR STITH, Judge.

Appellant Virginia Shiflett Gledhill appeals the trial court's ruling on her motion to modify the decree dissolving her marriage to Respondent William Shiflett. She argues

A hearing was held on the motion on March 21, 1996. At the time of the hearing, Lindsey was nineteen years old, had graduated from Fayette High School, and was attending college full time at Central Methodist College pursuing a bachelor of science degree in biology. Mrs. Gledhill has remarried and her present husband, Mr. Gledhill, is at this time paying all of Lindsey's college expenses, including tuition, room and board, car expenses, insurance, and a monthly allowance. In addition, Lindsey receives a partial scholarship, in exchange for which she must work at the college. It is clear from the transcript that the change in the children's needs referred to in the motion to modify was based at least in part on the fact that Lindsey is now in college and that Mrs. Gledhill believes that Lindsey's father should contribute to the costs of her college education.

■ On October 7, 1996, the trial judge entered an order stating that there were substantial and continuing changed circumstances justifying a modification of the original dissolution decree. Without expressly adopting either party's Form 14 or stating whether the amount calculated under either party's Form 14 was unjust and inappropriate, and indeed without in any way explaining the basis for its ruling, the court increased the amount of child support Mr. Shiflett must pay to $309.50 per month for each child. This amount allocated nothing for payment of any part of Lindsey's college expenses.[1] This appeal by Mrs. Gledhill followed.

## II. STANDARD OF REVIEW

■ A trial court's ruling on a motion to modify child support will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976); *Leslie v. Leslie*, 948 S.W.2d 458, 460 (Mo.App.1997); *In re*

*Marriage of Glueck*, 913 S.W.2d 951, 954 (Mo.App.1996). The judgment must be affirmed under any reasonable theory supported by the evidence and should be set aside only upon a firm belief that the trial court's judgment was incorrect. *Guier v. Guier*, 918 S.W.2d 940, 946 (Mo.App.1996). We defer to the trial court's determinations of credibility and view the evidence in the light most favorable to the trial court's ruling. *Leslie*, 942 S.W.2d at 439; *Glueck*, 913 S.W.2d at 954. The party seeking to modify has the burden of proving a substantial and continuing change of circumstances. *Riley v. Rollo*, 913 S.W.2d 382, 383 (Mo.App.1996).

## III. POST–SECONDARY EDUCATIONAL EXPENSES AS CHILD SUPPORT

On appeal, Mrs. Gledhill argues that the trial court erred by not including in the child support award any amount for Lindsey's post-secondary educational expenses. She asks us to remand so that the order can be modified and Mr. Shiflett ordered to pay those expenses.

### A. Trial Court Must Make a Total Child Support Award, Not a Separate Award per Child, and In So Doing Should Either Adopt a Party's Form 14 or Prepare One of Its Own.

■ We agree that this case must be remanded for further proceedings. The first reason we so order is so that the trial court can order a total amount of child support to be paid rather than order half the total amount of support be paid for each child. The requirement that child support be paid as a total amount, and not per child, is evident from a review of how child support is determined using Form 14. *See, e.g., McCreary v. McCreary*, 954 S.W.2d 433, 437 n. 1 (Mo.App.1997). Form 14 requires the court to determine the parties' income and

---

1. Although Mr. Shiflett argues that just paying any child support past the age of majority should be considered as a form of paying college expenses, Mr. Shiflett cites no cases to support this proposition and it is clearly not the approach taken under Missouri law. Child support amounts are determined based on the needs of the children and the ability of the parents to pay through consideration of the factors set out in Section 452.340.1, RSMo Supp.1995, and relevant cases.

expenses, and requires reference to a Schedule of Basic Child Support Obligations to determine the amount of child support due for a particular gross income. The amount due for two children under the Schedule is not double that due if the parties have one child, however, nor is the amount due for three children triple that due for one child. Conversely, when one or two children becomes emancipated, the amount of child support is not halved. This is, at least in part, because of the fact that, while costs for such things as clothing and food may be similar for each child, housing costs, utility costs, and so forth, do not increase at the same rate.

 Form 14 recognizes this by requiring that a total amount of support be paid for all children. Mr. Shiflett's own Form 14, for instance, required payment of $619.00 per month for both children. Form 14 does not anywhere indicate that this amount should be allocated evenly per child, however, and Mr. Shiflett did not so suggest on his Form 14. It was error for the trial court to order one-half of the total amount of child support to be paid for each child. On remand, the court should order a total amount to be paid for the two children together. Moreover, on remand the judge should follow the preferred practice of expressly stating on the record whether he is adopting a party's Form 14 or preparing one of his own.[2] Here, however, because the amount awarded to each child is one-half the total amount for both children set out in Mr. Shiflett's Form 14, it is evident that the court adopted Mr. Shiflett's Form 14. We agree with Mrs. Gledhill that, in so doing, the court erred because it failed to order Mr. Shiflett to pay any amount toward Lindsey's college expenses.

### B. Trial Court Was Required to Award Some Amount in College Expenses.

If a child is enrolled in and attending an institution of higher education after graduating from high school, a parent's support obligation continues until that child reaches the age of twenty-two or completes her education, whichever occurs first. § 452.340.5,

RSMo Supp.1995. Furthermore, when determining the amount of child support, the court must consider the child's educational needs. Rule 88.01(e).

 This does not mean that a parent is automatically liable for the actual costs of a child's post-secondary education. To the contrary, educational expenses are not included in the basic Form 14 calculation of presumed child support. *Leahy v. Leahy,* 858 S.W.2d 221, 225 (Mo. banc 1993). The trial court must, however, consider educational expenses, including college costs, in determining what child support should be awarded, and if appropriate should adjust the presumed child support amount to accommodate college costs. *DeCapo v. DeCapo,* 915 S.W.2d 343, 346 (Mo.App.1996); *Mistler v. Mistler,* 816 S.W.2d 241, 255 (Mo.App.1991).

 The court can take post-secondary educational expenses into account in two different ways. First, the court can include such expenses on line 4e of the Form 14 calculation itself as an extraordinary expense. Thus, the Comments For Use to Form 14 state:

E. Post-secondary educational expenses are not factored into the Schedule of Basic Child Support obligation. Post-secondary educational expenses can be ordered by the court if it is determined by the parents or the court to be appropriate for the parents to contribute to the costs of such programs.... Post-secondary educational expenses can be included on Form 14 as extraordinary expenses (line 4e).

 There may be occasions where the court does not believe that it would be proper to include the post-secondary educational expenses in the Form 14 calculation itself, however. This would be particularly true, for instance, if the court believes that these expenses should be divided differently than are other expenses because one parent has agreed to shoulder all or most of the burden of the expenses, or because one party could not afford to pay such expenses, or for other proper reasons. In such cases, the court may take account of such expenses by finding

---

2. *See, e.g., Woolridge v. Woolridge,* 915 S.W.2d 372 (Mo.App.1996).

the Form 14 amount unjust and inappropriate and then adding a just amount for college expenses to the child support award otherwise determined. *DeCapo*, 915 S.W.2d at 346–47; *Mistler*, 816 S.W.2d at 254–55.

In this case, counsel for Mrs. Gledhill asked the court to consider awarding such expenses either as extraordinary expenses to be set out on line 4e of Form 14, or as a circumstance making the Form 14 calculation unjust and inappropriate. In support of this request, Mrs. Gledhill and her daughter Lindsey testified that Lindsey attends Central Methodist College, a private college, and that her mother, through her new husband, is paying approximately $4,496 per semester for her tuition, room and board, and other expenses at school. Lindsey also testified that in addition, she has an Eagle Talent scholarship of $1,000 to $1,500 per year, in return for which she must do work-study at the college, that she had worked during the summer but not during the school year, and that she had one student loan for approximately $2,500. She also testified that she, rather than either her mother or her father, chose the college she would attend when she looked into colleges at the end of high school.

 In determining whether these facts required an award of some amount in college expenses, we note that, regardless whether the trial court considers college expenses as extraordinary expenses on line 4e of Form 14 or as expenses making the Form 14 amount unjust and inappropriate, the court is required to consider the amount and reasonableness of those expenses and to order the party paying child support to pay the portion of those expenses which is reasonable and appropriate. In determining what this amount is in a particular case, the court must consider the following factors:

> [I]n determining whether or not an allowance should be made for a college education, at least to the baccalaureate level, and in fixing the amount of the allowance, the trial court should consider [1] the financial ability of the father; [2] the ability and capacity of the child for college work; [3] the nearness of the child to his [or her] majority; [4] whether the child is self-supporting or not, and [5] the father's willingness to provide for such education, as shown by some agreement or other indication on his part.

*Sunderwirth v. Williams*, 553 S.W.2d 889, 893–94 (Mo.App.1977) (citing E. Le Fevre, Annotation, *Education as Element in Allowance for Benefit of Child in Decree of Divorce or Separation*, 56 A.L.R.2d 1207 (1957)).

 From the record in this case, it is evident that the court could not have considered all of these factors in reaching the conclusion that Mr. Shiflett should contribute nothing to the college expenses of his daughter Lindsey. In particular, factors 2, 3, and 4 set out in *Sunderwirth* would not militate against an award of college expenses, for here there is no contention that Lindsey is unable to perform college work or that she is or could be self-supporting and, while Lindsey is of course no longer a minor, at the time the motion to modify was filed she had just begun college.

No doubt for these reasons, Mr. Shiflett's brief focuses on the other two factors, for they are the ones on which the court below must have relied in failing to order any child support. He thus argues that the trial court properly did not require him to pay for Lindsey's college expenses because he was not involved in deciding whether or where she would attend college and because he could not afford to pay 90% of Lindsey's college expenses, as Mrs. Gledhill argued he should do. On the facts of this case, however, we do not agree with Mr. Shiflett that these two factors support the court's determination not to award *any* amount for college expenses.

Indeed, we have held on numerous occasions that the fact that a parent did not agree to send a child to private school or does not want to pay for the private school is not by itself enough to deny child support for educational expenses. *Bold v. Bold*, 912 S.W.2d 477, 481 (Mo. banc 1995) (affirming trial court's award of child support for child who attended private school in spite of the father's contention that the child should attend public school); *Leslie*, 942 S.W.2d at 441; *Anderson v. Anderson*, 437 S.W.2d 704 (Mo.App.1969) (reversing trial court's denial

of expenses for private university in spite of fact that the father was not consulted in his daughter's choice of a school).

The rationale for this rule is a realistic one, identified long ago in another case, *Anderson v. Anderson*, 437 S.W.2d 704 (Mo.App.1969), in which the father similarly contended that he should not pay for college because he was not consulted in the selection of the college his child should attend:

> Whenever a father has the custody of a child, the law presumes that he will provide for the child education in that vocation for which it is best fitted.... But can the courts indulge that presumption where the custody of the child has been taken from the father? ... Parents, when deprived of the custody of their children, very often refuse to do for such children what natural instinct would ordinarily prompt them to do.

*Anderson*, 437 S.W.2d at 712 (quoting *Esteb v. Esteb*, 138 Wash. 174, 244 P. 264 (1926)).

██ It is in part for this reason that, while the father's lack of willingness to pay for college is a relevant factor, it is not by itself dispositive. As we recently stated in *Leslie*, "the test for determining when a court should order private schooling over the wishes of one parent is expressed in the language of Form 14: when such schooling 'will meet the particular educational needs of the child.'" 942 S.W.2d at 440.

██ As noted, Mr. Shiflett does not argue that Lindsey's particular educational needs do not include college. Rather, his other argument against payment of college expenses is his claim that the trial court properly rejected Mrs. Gledhill's assertion (in her Form 14) that she could not work and thus Mr. Shiflett should pay 90% of Lindsey's college expenses. We agree with Mr. Shiflett that the trial court was free to disbelieve Mrs. Gledhill's assertion that she could not work, and its comments at trial make it

clear that it did just that. We also agree with Mr. Shiflett that his gross income of approximately $3,000 per month did not give him the resources with which to pay the $1,500 per month in college expenses which he would be required to pay if he were to pay 90% of those expenses.

██ That the record justified rejection of Mrs. Gledhill's Form 14 did not justify the court in simply adopting the Form 14 offered by Mr. Shiflett without change, however. A non-custodial parent's ability to pay for the cost of a college education is sufficient to justify an award for post-secondary educational expenses.[3] In light of the substantial evidence that Lindsey validly incurred the college expenses at issue, the court was required to consider what, if any, portion of these expenses Mr. Shiflett could pay. If it found he could pay some of those expenses, then the court should order him to do so. The amount of such payments would of course depend not just on Mr. Shiflett's income but on all of the relevant factors, including the fact that Mr. Shiflett did not want to pay any expenses and that Lindsey had herself chosen what school to go to and had chosen a private rather than a public institution. The court could not simply fail to include any college expenses in its award, however, on the facts of this case.

In sum, because, here, the other factors favor requiring Mr. Shiflett to pay some amount toward college if he can afford to do so, and because on this record the court below could only find that it is within Mr. Shiflett's financial ability to contribute at least some amount toward Lindsey's education at Central Methodist College, we therefore find that the court abused its discretion in refusing to include any educational expenses in the award either as an extraordinary expense on line 4e or as an expense making the Form 14 amount unjust and inappropriate.

---

3. *Leahy*, 858 S.W.2d at 225 (affirming an increase in child support award to include college expenses at a private university, stating that the father had realized a substantial increase in income and there was a greater than twenty percent deviation in child support as calculated using Form 14); *In re Marriage of Goodrich*, 622

S.W.2d 411, 413 (Mo.App.1981) ("Increased expenses of the child, caused mainly by additional education expenses, together with a substantial increase in the father's income, constitute sufficient changes for the trial court to increase child support.").

For the foregoing reasons, we reverse the trial court's decision and remand for further proceedings in accordance with this opinion. The court's decision on remand should award a total amount of support for the children together, should set out which party's Form 14 the court adopts or whether it is preparing its own Form 14, and should make findings and conclusions on the issue of college expenses.

All concur.