**Vladimir HALUPA, Appellant,**

v.

**Hilda Ann HALUPA, Respondent.**

No. 73414.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 17, 1998.

Mary Ann Weems, Clayton, for appellant.

Connie S. Hood, Clayton, for respondent.

AHRENS, Judge.

Husband appeals from a decree of dissolution of marriage. He challenges the trial court's award of child support and maintenance. We affirm.

On April 20, 1995, wife filed a Petition for Dissolution of Marriage requesting maintenance and child support, and a motion pendente lite (PDL) for temporary maintenance and child support. Husband's appeal of the judgment of dissolution of marriage entered by the trial court on December 15, 1995 is found in *Halupa v. Halupa,* 943 S.W.2d 272 (Mo.App.1997)(hereafter *"Halupa I "*). This court affirmed the judgment of the trial court in part, and due to insufficient evidence adduced on the record, remanded for reconsideration the trial court's award of retroactive child support and determination of wife's need for maintenance. *Halupa I,* 943 S.W.2d at 276, 277.

After the hearing on remand, the trial court entered a second judgment on August 29, 1997, which gave rise to the instant appeal. In both judgments, the trial court awarded retroactive child support in the amount of $5,321.83 and maintenance in the amount of $750.00 per month.

In his first point on appeal, husband contends that the trial court erred in its award of retroactive child support because there was insufficient evidence to support the award. Specifically, husband argues that (1) he received no credit for voluntary loan payments on daughter's vehicle, (2) daughter's expenses were improperly included as "extraordinary expenses" on the Form 14 used by the court, (3) the amount of support paid by wife was not substantiated at trial and (4) daughter's resources were not considered by the trial court in the determination of the award of child support. We will address each argument in turn.

We will uphold the trial court's order granting child support unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Stewart v. Stewart,* 866 S.W.2d 154, 156 (Mo. App.1993); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

First, husband alleges that he was given no credit by the trial court for monies paid to and for daughter between the time of separation and trial. A party is entitled to receive credit against the retroactive award of temporary support for voluntary amounts paid to the child between the time of separation and the time of trial. *See Woolsey v. Woolsey,* 904 S.W.2d 95, 98 (Mo.App.1995); *Roedel v. Roedel,* 788 S.W.2d 788, 791 (Mo. App.1990). In its Findings of Fact and Conclusions of Law, the trial court stated:

HUSBAND testified he paid WIFE in cash between the date of separation and the dissolution of the marriage, but could not specify an amount, did he specify dates of payment [sic][1], nor did he offer any proof of his allegation, and thus the Court discounts HUSBAND's testimony on this issue.

We defer to the trial court's determination of credibility, viewing the evidence and inferences in the light most favorable to the decree and disregarding all contrary evidence and inferences. *Halupa I,* 943 S.W.2d at 275. The trial court is free to believe or disbelieve all, part or none of the testimony of any witness. *Id.* We find there was no substantial evidence to support husband's contention that voluntary payments were made to and for daughter between the time of separation and trial.

■ Second, husband alleges that daughter's monthly expenses of $272.00 for rent and $68.95 for payment on her school loan were improperly included as "extraordinary expenses" on the Form 14 used by the court. This argument is wholly without merit. If a child is enrolled in and attending an institution of higher education after graduating from high school, a parent's support obligation continues until that child reaches the age of twenty-two or completes her education, whichever comes first. Section 452.340.2, RSMo Cum.Supp.1997; *Shiflett v. Shiflett,* 954 S.W.2d 489, 493 (Mo.App.1997). Daughter did not attain the age of twenty-two until November 6, 1995. Even though educational expenses are not included in the basic Form 14 calculation of presumed child support, the trial court must consider educational expenses, including post-secondary costs, in determining the amount of child support to be awarded. *Shiflett,* 954 S.W.2d at 493. If appropriate, the court should adjust the presumed child support amount to accommodate post-secondary costs. *Id.* These expenses may include annual tuition expenses and room and board expenses. Form 14 comment E.

■ The court may take post-secondary educational expenses into account in one of two different ways. The court can include such expenses on line 4e of the Form 14 calculation itself as an extraordinary expense. *Shiflett,* 954 S.W.2d at 493; Form 14 comment E. Alternatively, where the trial court does not believe it would be proper to include post-secondary expenses in the Form 14 calculation itself, the court may find that the Form 14 amount is unjust and inappropriate and add a just amount to the child support award otherwise determined. *Id.; Mistler v. Mistler,* 816 S.W.2d 241, 254–255 (Mo.App.1991). In this case, the trial court clearly chose the former approach. The inclusion of daughter's rent and school loans as "extraordinary expenses" was neither unjust nor inappropriate.

■ Third, husband alleges that the purported amount of support paid by wife was not substantiated at trial in that the evidence failed to distinguish between the expenses of wife and child. On remand, wife gave testimony substantiating her Income and Expense Statement and submitted a Form 14 to the trial court. Wife also testified as to the expenses incurred by daughter during the period before her emancipation. Husband argues that wife failed to sufficiently distinguish between wife's and daughter's expenses. In support of this, he points to the following exchange:

> [Wife's attorney:] Could you give the Court an estimate of the monthly contribution that you provided to your daughter[?] [Wife:] It was for food, clothing, medical care, dental care, etc. It was like $600.00. And the rent was $272.52. The school loan, at the time, was $68.95. The total amount came up to like, $3,155.00 but that was both mine and hers.

Further, husband also appears to argue that wife's testimony as to the issue of daughter's school loans was contradictory, claiming at different times that daughter's loans accounted for $68.95 or $173.68 of her monthly expenses.

■ In his brief, husband fails to distinguish whether it is his contention that the Form 14 calculation should have been rejected or rebutted by the trial court. *See Bar-*

---

1. We conclude that the paragraph should read "*... nor* did he specify dates of payment ...*"

*rett v. Barrett*, 963 S.W.2d 454, 458 (Mo.App. 1998)(this court recognized with approval the child support calculation methodology set forth in *Woolridge v. Woolridge*, 915 S.W.2d 372 (Mo.App.1996)). "Rejection" of a Form 14 calculation by a party occurs when the trial court finds that: (1) an item is incorrectly included in the calculation, (2) an amount of an item included in the calculation is incorrect, or (3) the mathematical calculation is incorrect. *Woolridge v. Woolridge*, 915 S.W.2d 372, 378–379 (Mo.App.1996). The trial court may either accept or reject a Form 14 at the conclusion of the evidence, not at the time of its submission. *Gibson v. Gibson*, 946 S.W.2d 6, 9 (Mo.App.1997).

"Rebuttal" of the presumed child support amount calculated pursuant to Form 14 occurs when the trial court determines the amount is unjust or inappropriate after consideration of all relevant factors. *Woolridge*, 915 S.W.2d at 379.

Following the instructions of *Woolridge*, we find that it was proper for the trial court to not reject the Form 14 calculation. A party's testimony as to children's expenses is sufficient evidence on which to base an allowance of child support. *Vehlewald v. Vehlewald*, 853 S.W.2d 944, 951 (Mo.App. 1993). Such testimony need not be proved with absolute particularity. The trial court, at its option, may accept or reject such evidence. *Id.*

Accordingly, we find that the trial court properly accepted wife's Form 14 in that daughter's extraordinary expenses were substantiated by wife's testimony at trial. Further, we note that there was no discrepancy between wife's testimony as to daughter's student loan payment. Wife testified that since the time of her dissolution, the expenses attributed to daughter's school loans had increased. Contrary to husband's strained interpretation, we find wife's testimony to assert that daughter's school loans were $68.95 per month prior to daughter's

emancipation and $173.68 per month thereafter. In any event, the trial court accepted wife's Form 14 which attributed only $68.95 to monthly expenses for daughter's school loans. The trial court properly accepted wife's Form 14 calculations.

We are left then, with the question of whether the trial court erred in not rebutting the Form 14 calculation after consideration of the relevant factors found in Rule 88.01 and section 452.340.1, RSMo Cum. Supp.1997. We infer that husband argues that the trial court abused its discretion in awarding an amount that exceeded daughter's needs in that it was not supported by substantial evidence. This argument also fails. Form 14 contains a rebuttable presumption that the child support calculated is the proper amount to be awarded by the trial court. Rule 88.01(e). Wife testified as to daughter's expenses, which provided sufficient evidence on which to base an allowance of child support. *Vehlewald*, 853 S.W.2d at 951. There was no evidence rebutting the presumptive child support amount. The trial court was justified in entering the presumptive amount of child support indicated on wife's Form 14. *See Welker v. Welker*, 902 S.W.2d 865, 868 (Mo.App.1995). The trial court did not abuse its discretion in its failure to find that the presumptive amount of child support was unjust and inappropriate.[2]

Fourth, husband alleges that daughter's resources were not considered by the trial court in its determination of child support. Pursuant to the "law of the case" doctrine, a former adjudication is conclusive not only as to all questions raised directly and passed upon, but also as to matters which arose prior to the first appeal and which might have been raised thereon but were not. *Walihan v. St. Louis–Clayton Orthopedic Group, Inc.*, 891 S.W.2d 545, 547 (Mo.App.1995).

In *Halupa I*, husband did not allege that the trial court failed to consider daughter's

2. Husband does not allege that the trial court did not consider the amount and reasonableness of the post-secondary expenses. *See Shiflett*, 954 S.W.2d at 494("the trial court should consider [1] the financial ability of the father; [2] that ability and capacity of the child for college work;

the nearness of the child to his [or her] majority; [4] whether the child is self-supporting or not[;] and [5] the father's willingness to provide for such education, as shown by some agreement or other indication on his part.")(brackets theirs).

resources in calculating the award of child support. *See* section 452.340.1(1), RSMo Cum.Supp.1997. Husband could have raised the issue in his first appeal. To permit him to now raise the issue of daughter's resources in the present appeal contravenes the "law of the case" doctrine. Husband's first point is denied.

■ In his second point on appeal, husband contends that the trial court erred in its award of maintenance to wife. Husband first argues that wife failed to meet the threshold requirement of need. The trial court exercises substantial discretion in awarding maintenance to a spouse. *Carpenter v. Carpenter*, 935 S.W.2d 89, 92 (Mo.App. 1996). The party challenging the maintenance award bears the burden of showing such award was an abuse of discretion. *Id.* In deciding maintenance was warranted, the trial court must find (1) the spouse seeking the award lacks sufficient property, including marital property awarded to him or her, to provide for the spouse's reasonable needs and (2) the spouse seeking maintenance is unable to support him or herself through appropriate employment. Section 452.335.1, RSMo 1994;[3] *L.A.L. v. L.L.*, 904 S.W.2d 50, 53 (Mo.App.1995). The spouse requesting maintenance must show need before maintenance may be awarded. *Carpenter*, 935 S.W.2d at 92.

Wife submitted to the trial court a statement of income and expenses. Wife's testimony supported a finding that her employment was insufficient to meet those expenses which were supported by adequate evidence. We find no abuse of discretion in the trial court's determination of wife's need for maintenance.

■ Husband also argues that the computation of the maintenance award was excessive in light of the factors listed in section 452.335. We will not interfere with the trial court's award of maintenance unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse ordered to pay. *Halupa I*, 943 S.W.2d at 277.

■ Initially, we note that in its findings of fact and conclusions of law, the trial court included "payment on the child's school loan of $173.00" per month as a factor of wife's fixed expenses. As discussed, *supra*, wife's testimony indicated that daughter's school loan totaled $68.95 per month before her emancipation and $173.00 per month thereafter. This amount was already included in the trial court's calculation for the award of child support. However, the inclusion of daughter's school loan as one of wife's many expenses does not make the award of maintenance patently unwarranted *per se*. We presume the trial court considered all of the evidence in making its determinations. *Bixler v. Bixler*, 810 S.W.2d 95, 101 (Mo.App. 1991). The judgment of the trial court must be affirmed under any reasonable theory supported by the evidence. *Holmes v. Holmes*, 878 S.W.2d 906, 911 (Mo.App.1994). We find no evidence that the trial court relied unduly upon daughter's loan expenses in arriving at wife's award of maintenance.

In arriving at the amount of a maintenance award, the trial court is to consider the following factors:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for child support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs

---

**3.** All further statutory references are to RSMo 1994 unless otherwise indicated.

while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

Section 453.335.2.

Sufficient evidence was adduced at trial to support the trial court's award of maintenance in light of the factors set forth above. The parties had been married approximately twenty-five years. Wife was fifty-four years of age at the time of the hearing on remand. Wife worked forty hours a week and earned a gross income of approximately $2,883.08 per month. Expenses claimed by wife which were supported by substantial evidence totaled approximately $2,021.27. The trial court also found that "husband had not only engaged in extramarital affairs, but had also dissipated marital assets to pay gambling debts." *Halupa I,* 943 S.W.2d at 277.

Husband was forty-eight years old, and had earned $51,786.81 in 1992, $62,378.75 in 1993 and $60,315.81 in 1994. He also received $170.00 a month from the Veteran's Administration for a military injury. In light of the parties' respective resources, needs and conduct during marriage, the maintenance award was not excessive.

■ Next, husband argues that the trial court erred in awarding wife retroactive maintenance. In *Halupa I,* husband did not raise the issue of retroactive maintenance even though the award from which he appealed decreed that "[m]aintenance in the amount of $750.00 per month is hereby awarded to Wife from Husband ... retroactive to May 1, 1995." Husband could have raised the issue in his first appeal. To permit him to now raise the issue of retroactive maintenance in the present appeal contravenes the "law of the case" doctrine. *Walihan,* 891 S.W.2d at 547. Husband's second point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and CRANDALL J., concur.