**Timothy L. RUNGE, Appellant,**

v.

**Colleen M. RUNGE, Respondent.**

**No. ED 80759.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 25, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 16, 2003.

W. Morris Taylor, Clayton, MO, for appellant.

John A. Kilo, St. Louis, MO, for respondent.

GLENN A. NORTON, Judge.

Timothy Runge ("Husband") appeals the award of maintenance and retroactive child support and the division of property in the judgment dissolving his marriage to Colleen Runge ("Wife"). We dismiss part of

Husband's appeal and affirm the judgment.

## I.  BACKGROUND

Husband filed a petition for dissolution, and Wife cross-petitioned.  Under the court's temporary order, the parties had joint custody of their son during the proceedings and Husband paid temporary child support.  After trial, the court ordered Husband to pay permanent maintenance and child support and made child support retroactive to the date of Husband's petition.  In the division of marital property, Husband was awarded, among other things, a trailer, an ATV, 65% of the bank accounts opened in his name and 67% of the balance owed under a promissory note by the purchaser of a piece of property Husband had owned before the marriage.

## II.  DISCUSSION

We will affirm this judgment if it is supported by substantial evidence, is not against weight of the evidence and neither erroneously declares nor applies the law. *Frisella v. Frisella,* 872 S.W.2d 637, 640 (Mo.App. E.D.1994).  We accept as true the evidence and inferences favorable to the trial court's decree and disregard contrary evidence.  *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989).

### A.  Maintenance

In his first point, Husband claims that the trial court erred as a matter of law by including expenses for the support of Wife's daughter in the maintenance award. Awarding maintenance is within the sound discretion of the trial court.  *Breihan v. Breihan,* 73 S.W.3d 771, 774 (Mo.App. E.D.2002).

We agree that expenses for the direct care and support of Wife's daughter should not be included in determining maintenance for Wife. *See Nichols v. Nichols,* 14 S.W.3d 630, 636 (Mo.App. E.D. 2000).  But there is nothing in the record indicating that the trial court considered those expenses in making its award.  The trial court found, without further explanation, that "there is a necessity to award maintenance" to Wife and ordered Husband to pay Wife $2,000 a month.  "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."  Rule 73.01.

Wife testified that she did not factor her daughter into her request for $2,000 in maintenance and that she was not asking Husband to support her daughter at all. Husband points to Wife's statements that an award of child support and maintenance would allow her to support herself and the kids and continue living in the marital home;  that her income supports herself and her daughter;  that she is seeking maintenance because she gave up her career to take care of the children and now has to start over;  that Husband knew she had a daughter for whom she received no support when they got married;  and that she is unable to sustain her previous standard of living, such as taking "the kids" on vacation.

None of this evidence contradicts Wife's assertion that she was not seeking maintenance to support her daughter.  Moreover, this fact issue is considered resolved in accordance with the resulting award. Thus, it is presumed that the trial court did not believe that Wife's request for maintenance included support for her daughter.  Husband has not demonstrated that the trial court based its $2,000 maintenance award on those expenses, and we will not assume that the trial court erred.

Point I is denied.

In his second point, Husband argues that Wife failed to establish that she required maintenance to meet her reasonable needs. Wife is entitled to maintenance upon a showing that she (1) lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs and (2) is unable to support herself through appropriate employment. Section 452.335.1 RSMo 2000.[1] The party challenging the maintenance award bears the burden of showing that the award was an abuse of discretion. *Halupa v. Halupa*, 980 S.W.2d 325, 331 (Mo. App. E.D.1998).

The evidence showed that Wife's monthly gross income was only $1,144, with no benefits, compared to her average monthly expenses of $3,421.53; she has a high school diploma and no special training. Wife's apportionment of the marital property provided her with some assets: the marital home, which came with a mortgage; portions of an IRA and of shares in Anheuser–Busch stock; half of the marital portion of Husband's union retirement plan; 35% of the bank accounts held in Husband's name; and 33% of the balance owed on the promissory note. Husband alleges that some of this property was income-producing and must be considered in the determination of Wife's need for maintenance.

First, there is nothing to indicate that the trial court did not consider this property. Moreover, as noted above, we must consider the facts regarding Wife's need for maintenance as having been found in accordance with the award. Rule 73.01. Thus, whether marital property awarded to Wife was income-producing is considered to be resolved in accord with the conclusion that Wife needed maintenance. That is, the property either was not income-producing or it did not provide Wife with sufficient income to meet her reasonable needs. Husband has not shown that the trial court abused its discretion in reaching this conclusion.[2]

Point II is denied.

### B. Retroactive Child Support

In his third point, Husband argues that the trial court erred because in its retroactive award of child support the court did not credit Husband for child support payments he made during the proceedings. It is within the trial court's discretion to award retroactive child support. *Shelton v. Shelton*, 29 S.W.3d 400, 405 (Mo.App. E.D.2000). The party ordered to pay retroactive support is entitled to receive credit for voluntary amounts paid to the child between the time of separation and the time of trial. *See id.* One should not be required to make double payments for child support. *See generally Roedel v. Roedel*, 788 S.W.2d 788 (Mo.App. E.D.1990); *see also In re the Marriage of Carter*, 4 S.W.3d 562, 565–566 (Mo.App. S.D.1999).

It is undisputed that Husband paid $600 a month in temporary child support

---

1. All references are to RSMo 2000.

2. Both parties point to facts such as the duration of the marriage and the conduct of the parties during the marriage, which are factors for consideration only as to the amount and duration of the award under section 452.335.2. Husband challenges only Wife's entitlement to maintenance, not the amount or duration of the award. *See Williams v. Williams*, 55 S.W.3d 405, 417 (Mo.App. W.D.

2001) (refusing to consider these factors where no maintenance awarded and issues of duration and amount not before court). Even if the amount and duration of the award were before this Court, there is nothing in the record to indicate that the trial court failed to consider the factors in section 452.335.2. *See L.R.M. v. R.K.M.*, 46 S.W.3d 24, 27 (Mo.App. E.D.2001).

from March 8, 2001 to the date of trial. For those months, he is entitled to a credit of $600 toward the $614 for which he is liable under the retroactive award. The judgment does not reflect that Husband is entitled to this credit. We have remanded similarly unclear judgments where the retroactive award is a lump sum and it cannot be determined whether the sum reflects previous payments or not. *See, e.g., Shelton,* 29 S.W.3d at 405–06. In that situation, the amount of the award might have to be recalculated on remand to reflect credit for those payments. Here, however, the retroactive award is stated in monthly terms. Husband does not challenge that he is liable for a total of $614 a month in child support. He contends only that he has already satisfied some of that liability for the months he was paying under the temporary order. We agree. Any confusion as to what Husband still owes is clarified by this opinion, and there is no need for remand. *See generally Estate of Hooper,* 938 S.W.2d 300, 301 (Mo.App. E.D.1997) (modification is favored where no further factual adjudication is necessary); *see also* Rule 84.14.

Husband also contends that he should be credited for other voluntary support payments he made during the proceedings. But there is no evidence indicating the specific amounts he claims to have expended. He is not entitled to credit for payments of unspecified amounts. *See Laubinger v. Laubinger,* 5 S.W.3d 166, 181 (Mo.App. W.D.1999).

Point III is denied.

## C. Division of Marital Property

In his fourth point, Husband claims that the trial court improperly classified the following as marital property: the trailer he owned before the marriage; the ATV he bought with proceeds from the sale of a car he owned before the marriage; and the bank accounts and promissory note acquired in exchange for the rental properties he owned before the marriage.

Under section 452.330.1, "the court shall set apart to each spouse such spouse's nonmarital property." Section 452.330.3 states that any property acquired after the marriage and prior to legal separation or dissolution is presumptively marital property. "The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2 of this section." Section 452.330.3. One of these methods is acquiring the marital property in exchange for property owned before the marriage. Section 452.330.2(2). The party attempting to rebut the presumption must show by clear and convincing evidence that "both parties intend that the property be excluded from their marital property." *Brady v. Brady,* 39 S.W.3d 557, 561 (Mo. App. E.D.2001). The trial court has broad discretion in classifying marital property. *Deck v. Deck,* 64 S.W.3d 870, 871 (Mo.App. E.D.2002).

### 1. Bank Accounts

Wife has moved to dismiss Husband's appeal with respect to classification of the bank accounts because Husband has satisfied that portion of the judgment. "[W]hen a defendant voluntarily pays a judgment rendered against him, he may not appeal from that judgment." *Kinser v. Elkadi,* 654 S.W.2d 901, 903 (Mo. banc 1983). Whether a payment after judgment is voluntary is fact-driven. *Stevens Family Trust v. Huthsing,* 81 S.W.3d 664, 667–68 (Mo.App. S.D.2002). Payments made under threat of execution are made in lieu of submitting to execution and have been found involuntary. *See Rosenblum v. Jacks or Better of America West Inc.,* 745 S.W.2d 754, 764 (Mo.App. E.D.1988).

The only facts before us relevant to whether these payments were voluntary

are (1) the acknowledgement of satisfaction of judgment, showing payment by Husband, before he filed his notice of appeal, of the portions of the bank accounts awarded to Wife, and (2) a notation in the minutes of the proceedings that a motion for contempt was filed *after* Husband paid this part of the judgment. Husband claims that the payments were made in response to a threatening letter from Wife's counsel that she would execute on the judgment if payment was not received by a certain date. But this letter is not in the record, and we cannot determine whether the alleged threat therein was real or possible of being carried out. *See Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 638 (Mo.App. W.D.1998) (when threat is not real or is legally impossible to carry out, payments thereunder are voluntary). Based on the facts before us, we can reasonably infer that Husband's payment of the judgment was voluntary. Thus, his appeal of the classification of his bank accounts is dismissed.

### 2. Promissory Note

The promissory note was presumed to be marital property because it was made during the marriage. Husband attempted to rebut this with evidence that the note was made on the sale of one of the rental properties he owned before the marriage. Wife contends that the rental property was transmuted into marital property and, thus, the note was marital. Separate property may be transmuted into marital property "if there is evidence of an intent to contribute the property to the community." *Cuda v. Cuda,* 906 S.W.2d 757, 759 (Mo.App. W.D.1995). There is substantial evidence in this record of an intent to contribute this property to the marital community.

Wife testified that she helped maintain the rental properties and that marital funds were used for maintaining the property. Husband admitted that wife helped a little, but denied that any marital assets were used to keep up the properties. Husband admitted that during the marriage rent received from the properties was used to pay down the mortgage on the properties. When, as here, characterization of property as marital or separate depends on an assessment of the witnesses' credibility, we defer to the trial court's determination of that credibility. *Deck,* 64 S.W.3d at 871. The trial court was free to disbelieve any or all of Husband's testimony in his attempt to defeat the presumption that the loan was a marital asset. *See Kramer v. Kramer,* 709 S.W.2d 157, 159 (Mo.App. E.D.1986). Husband has not defeated the presumption and has not shown that both parties intended this loan to be excluded from their marital property. *See Brady,* 39 S.W.3d at 561.

### 3. Trailer and ATV

Wife concedes that the trailer was separate property. Even so, and even if the court also erred in classifying the ATV as a marital asset, these items were awarded to Husband, and he has not shown that he was prejudiced by this error. *See generally Schwartzkopf v. Schwartzkopf,* 9 S.W.3d 17 (Mo.App. E.D.1999).

Point IV is dismissed in part and denied in part.

### III. CONCLUSION

Wife's motion to dismiss Husband's appeal of the classification of bank accounts as marital property is granted, and that part of the appeal is dismissed. The judgment, as clarified by this opinion, is affirmed.

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J., concurring.