Kristin M. STOCK, Respondent,

v.

Lawrence A. STOCK, Appellant.

No. 26042.

Missouri Court of Appeals,
Southern District,
Division Two.

March 22, 2005.

Jay P. Cummings, Joseph Reid, Gannaway, Fiorella & Cummings, Springfield, for appellant.

Lisha A. Masters, Pratt, Fossard, Jensen & Masters, LLC, Springfield, for respondent.

JOHN E. PARRISH, Presiding Judge.

Lawrence A. Stock (husband) appeals parts of the judgment that dissolved his marriage with Kristin M. Stock (wife). He appeals the parts of the dissolution judgment that awarded wife maintenance, including the award of retroactive maintenance, and ordered husband to pay retroactive child support without allowing credit for temporary child support previously paid. This court reverses the part of the judgment that awards retroactive maintenance and modifies the part of the judgment that awarded retroactive child support by allowing credit for temporary child support paid by husband. In all other respects, the judgment is affirmed. The case is remanded with directions.

Husband and wife married in 1977. Three children were born of the marriage, Nicole, Ryan, and Megan. The parties separated in 2000. Wife filed the action for dissolution of marriage that is the subject of this appeal in December 2000.[1] Wife also filed a Motion for Temporary Child Support, Maintenance and Allowances Pending Suit for Dissolution of Marriage the same date as she filed her petition for dissolution of the marriage. Wife's motion for temporary allowances requested "monthly maintenance for so long as said suit shall be pending," support

---

1. Inexplicably, the trial of this case was very protracted. Evidence was adduced at six different hearings held over an extended period. Trial commenced April 25, 2002. Trial resumed for one day September 18, 2002, one day on September 24, 2002, and one day on October 1, 2002. Thereafter, on motion to reopen evidence by wife, additional evidence was received November 26, 2002. Evidence was again reopened, on motion of the trial court, January 15, 2003, for the limited purpose of receiving evidence of wife's employment status. Judgment was entered July 3, 2003. This court does not encourage this practice. Litigants are entitled to have cases completed promptly once they are ready for trial and trial commences.

for the minor children, attorney fees, and costs.

The trial court granted wife's motion for temporary allowances, "[b]y agreement of counsel," on May 4, 2001. The order recites:

By agreement of counsel court order [sic] [husband] to pay [wife] temporary child support of $1,100 per month for Megan on the 1st of each month commencing May 1, 2001; $750.00 per month temporary maintenance on the 1st of each month commencing May 1, 2001; and further [husband] is ordered to maintain the monthly mortgage payment on the marital residence, and to pay college expenses of $3,125.00 per semester for Nikki, so long as she is enrolled as a full time student, said obligation for Nikki to end May 20, 2002, unless otherwise ordered by the court prior to said date.

Judgment was entered July 3, 2003, dissolving the marriage. Husband was ordered to pay wife maintenance in the amount of $1,500 per month "on the first of each month commencing July 1, *2002*." (Emphasis added.) The maintenance was modifiable. Non-marital property was identified and set over to the respective party. Marital property and marital debts were divided. Husband was ordered to pay $100,000 to wife "to equalize the division of property," and judgment was awarded wife, against husband, for that amount. The parties were ordered to pay their respective attorney fees. Provisions were made for payment of expenses "for the minor child to attend a post-secondary college, university or vocational/technical school."

The judgment declared two of the parties' children, Nicole Elizabeth Stock and Ryan Andrew Scott, emancipated. The parties were awarded joint legal custody of the minor, unemancipated child, Megan Kristine Stock. The parties were each granted significant periods of time with the minor child. Wife was declared responsible for Megan's daily care. Husband was given "parenting time" with Megan on specified dates and holidays. The court found the presumed correct child support to be $1,308 per month; that the presumed amount of child support was not unjust or inappropriate. Husband was ordered to pay that amount to wife "on the first of each month commencing July 1, 2002."

■ Husband's first point on appeal argues that the trial court erred in ordering maintenance paid retroactive from July 1, 2002, because:

A) § 452.335, RSMo[2] prohibits retroactive maintenance;

B) retroactive maintenance was not at issue at trial;

C) a judgment is void to the extent it goes beyond the issues presented and raised by the pleadings;

D) [Husband] had paid temporary maintenance since May 1, 2001; and

E) [Wife] never asserted or claimed that the temporary maintenance she received was insufficient.

■ Section 452.335.1 permits a trial court to award maintenance as part of a dissolution of marriage judgment in instances in which the trial court has personal jurisdiction over the party ordered to pay maintenance and the conditions stated in subparagraphs (1) and (2) of that statute are met. Section 452.335 permits the award of prospective maintenance, not retrospective maintenance. *In re Marriage of Fuldner*, 41 S.W.3d 581, 587 (Mo.App. 2001). *See also Woolsey v. Woolsey*, 904

---

**2.** References to statutes are to RSMo 2000.

S.W.2d 95, 98 (Mo.App.1995); *Kessler v. Kessler,* 719 S.W.2d 138, 140 (Mo.App. 1986). Husband contends in subparagraph A) of Point I that the trial court's award of retroactive maintenance is, therefore, error; that the order that maintenance be retroactive from July 1, 2002, must be reversed.

Wife contends, however, that § 452.315 permitted the trial court to make the award of maintenance retroactive. Section 452.315.1 permits a trial court to award temporary maintenance upon motion by a party to a pending action for dissolution of marriage. Temporary maintenance "may be retroactive to the date of entry of the original temporary order." § 452.315.8. Wife filed a motion that sought temporary allowances, including temporary maintenance. The trial court entered its order for payment of temporary maintenance in the amount of $750 per month commencing May 1, 2002. Wife argues that because she filed the motion for temporary allowances that was granted, the trial court had authority by reason of § 452.315 to increase the amount of temporary maintenance originally ordered; that the award of maintenance specified by the dissolution judgment could, therefore, be retroactive from May 1, 2002.

Wife relies on *Wendel v. Wendel,* 72 S.W.3d 626 (Mo.App.2002), as support for her argument that § 452.315 permits her to receive retroactive maintenance. She contends *Wendel* stands for the proposition that the determining factor for awarding retroactive maintenance in a dissolution judgment is whether a motion for maintenance pendente lite was filed in the

case. In *Wendel,* the spouse seeking maintenance filed a motion pendente lite that included a request for temporary maintenance. No hearing was held on the motion. The parties, however, filed a stipulation that included the statement that the issue of maintenance would "remain pending"; that "the parties agree that its application may be retroactive to the filing of the petition." *Id.* at 628. The trial court entered the stipulation as an order.

*Wendel* reviewed a number of cases that involved the award of retroactive maintenance in a dissolution judgment based on § 452.315.[3] *Wendel* concluded that, under its facts, there was precedent for affirming the trial court's award of retroactive maintenance. Wife argues the rationale in *Wendel* should apply to the facts in this case. This court does not agree.

Here, unlike in *Wendel,* wife's motion for maintenance pendente lite had been decided prior to the entry of the dissolution judgment. Wife had been awarded temporary maintenance in the amount of $750 per month. The issue for determination under § 452.315 had been completed. There was no remaining issue regarding temporary maintenance. The statute that was applicable to the determination of maintenance was § 452.335. Section 452.335 speaks prospectively, not retrospectively. The provision in the dissolution judgment that ordered retroactive maintenance was erroneous. The error asserted in subparagraph A) of Point I is determinative. Point I is granted. The part of the judgment that ordered maintenance retroactive from May 1, 2002, must

---

**3.** Two cases that *Wendel* reviewed, however, appear factually inapposite to this issue. *Roedel v. Roedel,* 788 S.W.2d 788 (Mo.App.1990), was an appeal of an order pendente lite rather than an appeal from a maintenance award included in a dissolution judgment. *In re Marriage of Hunt,* 933 S.W.2d 437 (Mo.App. 1996), in addition to being an appeal of a dissolution judgment, appears to be an appeal directed to a contempt proceeding that was heard with the dissolution case regarding an arrearage in payment of temporary maintenance and other payment directives.

be reversed and the trial court instructed to delete from the dissolution judgment any directive that maintenance ordered by the dissolution judgment be retroactive.

Point II is directed to failure of the trial court to give husband credit for amounts paid for temporary maintenance and child support. Husband contends the trial court erred in not giving him credit for temporary maintenance and temporary support paid from July 1, 2002, to the date of judgment. Wife had been allowed temporary maintenance in the amount of $750 per month and temporary child support in the amount of $1,100 per month commencing July 1, 2002. Husband paid those amounts. The issue husband asserts in Point II regarding temporary maintenance is moot by reason of this court's determination of Point I. The only issue for determination in Point II is husband's claim of error in not having been allowed credit for the amount of temporary child support paid.

Wife, in the brief filed with this court, concedes that husband is entitled to credit for the amounts paid for temporary support. This court agrees. *See Runge v. Runge,* 103 S.W.3d 804, 807–08 (Mo.App. 2003); *Roedel v. Roedel,* 788 S.W.2d at 791. Point II is dismissed as to the question of credit for temporary maintenance paid for the reason that the issue is moot. Point II is granted with respect to child support. The part of the judgment awarding retroactive child support will be modified to allow husband credit for temporary child support that was paid.

■ Point III is directed to the trial court's determination of the amount of maintenance husband was ordered to pay wife. Husband argues that the trial court erred in determining the amount of his income to be $180,000 for purposes of awarding wife maintenance; that the amount the trial court should have considered as his annual income for determining maintenance was $109,239. The trial court used the sum of $15,000 per month as husband's income for its Form 14 presumed child support calculation. Although there is no prescribed method for the calculation of maintenance, it is appropriate to consider a trial court's Form 14 calculation of the payer's income in assessing the reasonableness of a maintenance award. *Evans v. Evans,* 45 S.W.3d 523, 531 (Mo. App.2001).

There was evidence that husband's annual salary had been relatively consistent from 1996 to 2001. His salary for those years was $61,100 in 1996; $61,100 in 1997; $67,600 in 1998; $69,680 in 1999; $69,680 in 2000; and, $62,712 in 2001. Husband also received bonuses in those years other than in 2001. His bonuses were $115,328 in 1996; $197,568 in 1997; $247,531 in 1998; $20,000 in 1999; and $127,435 in 2000. He received $6,000 each year for "board fees." Thus, there was evidence that husband's average income for the six years before trial, 1996 through 2001, exceeded $180,000.

Husband argues that the trial court should not have used the six-year period for purposes of calculating average income. He contends the trial court should have used the three-year period that immediately preceded trial, 1999 through 2001.

■ Appellate courts may look to Form 14 procedures in assessing the reasonableness of trial court findings regarding maintenance. *Evans v. Evans, supra.* Instructions for completing Form 14 include the direction that in determining a spouse's income for purposes of its calculations, trial courts shall consider all relevant factors, including the spouse's probable earnings based on the spouse's work history during the three years, *or such time period as may be appropriate,* before

the dissolution proceedings. [Emphasis added.] *See* Comment H, **Imputed Income:** Directions, Comments for Use and Examples for Completion of Form No. 14, Missouri Rules of Court for Civil Procedure, 2004. *See also State ex rel. Stirnaman v. Calderon,* 67 S.W.3d 637, 640 (Mo. App.2002), quoting *Ricklefs v. Ricklefs,* 39 S.W.3d 865, 875–76 (Mo.App.2001).

█ The circumstances husband relies on in support of Point III were in evidence before the trial court. The trial court assessed those circumstances in accordance with the guidelines for making Form 14 calculations. Mindful that a trial court is vested with broad discretion regarding the issue of maintenance and is accorded great deference as to its determination, *Monnig v. Monnig,* 53 S.W.3d 241, 248 (Mo.App.2001), this court finds no abuse of discretion with respect to the income the trial court imputed to husband for determining maintenance. Point III is denied.

█ Point IV is also directed to the maintenance awarded wife. Husband contends the trial court erred in awarding wife maintenance in the amount of $18,000 per year; that the trial court should have denied maintenance because wife was earning a salary in excess of $36,000 per year, had significant non-marital property, and was awarded $100,000 cash as part of her award of marital property. Husband further argues wife had additional cash assets that could generate income, has only herself to support, and claimed unreasonable expenses in seeking maintenance.

The trial court's judgment includes the finding:

[Wife] lacks sufficient property, including property apportioned to her by the terms of this Judgment, to provide for all of her needs, and she is unable to fully support herself through appropriate employment, and that after considering all relevant factors, including those set out in § 452.335 RSMo., the Court finds that [husband] should pay [wife] periodic maintenance as set forth in the Judgment.

The judgment awarded wife the sum of $1,500 per month.

Wife's income from her employment is $3,001 per month. Her assets include a beneficial interest in an irrevocable trust for which she is trustee. The trust is a limited partner of the Stiefvater Family Limited Partnership (SFLP).[4] Wife's trust, as a limited partner of SFLP, has no control over the partnership's business transactions and has no right to require a distribution of income from the partnership. Income generated by SFLP is taxable to the trusts that are limited partners even though income has not been distributed. Wife's income tax return for 2001 reflected that she was taxed on interest income of $15,633, dividends of $1,620, capital gains of $7,931 and passive income of $1,344 earned by SFLP. Wife's father testified that the only distributions SFLP made to wife and the other limited partners each year were amounts that would pay the income tax liabilities attributable to SFLP's earnings that were taxable to the respective limited partners. He explained, "[W]hen we set this partnership up, it was intended to, as part of our estate planning, but we—my wife and I did not want this to impose a burden on our chil-

4. The trust was established by wife's parents. They established four irrevocable trusts for the benefit of their four children. Each child serves as trustee for his or her respective trust. Each trust owns an approximate 20% interest in SFLP. The parents are the general partners in SFLP. The limited partnership was formed as an estate planning device for the parents. Its assets were contributed by them. The assets include rental property, securities, and notes receivable.

dren because we were trying to be prudent in our estate planning. And as a consequence, we have made a distribution each year to go towards the payment of the taxes that the individuals accrue because of our actions."

■ A trial court is required to consider investment income a spouse may expect to receive from his or her property in awarding maintenance. *Hill v. Hill,* 53 S.W.3d 114, 116 (Mo. banc 2001). This court, however, does not agree with husband's argument that income not distributed to wife, but which is taxable to wife by reason of the trust of which she is beneficiary, should be imputed to her for purposes of calculating maintenance. It is not income wife may expect to receive. Wife does not have a right to demand that the funds be paid to her trust. The trial court did not abuse its discretion by failing to impute income related to SFLP to wife for calculating maintenance. Wife's trust, as a limited partner, or wife as its trustee, does not participate in the management or business decisions of SFLP. Neither the trust nor wife participates in the decisions to distribute or not distribute earnings to the limited partners.

The circumstances in this case differ from those in *Kiem v. Kiem,* 945 S.W.2d 603 (Mo.App.1997), and *In re Marriage of Glueck,* 913 S.W.2d 951 (Mo.App.1996), on which husband relies. In those cases, the party had individual interests in various family business organizations. Wife has no individual interest in SFLP.

Husband argues that the trial court did not consider the $100,000 paid to wife as part of the distribution of marital property or an additional sum of $25,000 she possessed. He acknowledges that of the "cash sources" wife received that "equal[ed] at least $25,000," "[o]ver $20,000 [was] comprised of an IRA and [a]nnuity."

The trial court stated it considered all relevant factors in awarding maintenance, including statutory factors set forth in § 452.335. Those factors include the financial resources of the party seeking maintenance, the marital property apportioned in the dissolution, and the separate property of each party. § 452.335.2(2) and (5). The trial court found wife lacked sufficient property to provide for all her needs. Husband does not identify anything in the record that supports his argument that the trial court did not consider the factors set forth in § 452.335. With respect to the property husband identifies as being an IRA and an annuity, the case on which he relies, *Hill, supra,* acknowledges that trial courts that award maintenance are not required to impute income from retirement and IRA accounts in every case. *Id.* at 116.

■ This court, in reviewing awards of maintenance, views all evidence in the light most favorable to the award. *Francka v. Francka,* 951 S.W.2d 685, 696 (Mo.App. 1997). The trial court committed no abuse of discretion in its review of wife's income producing assets to determine her financial needs.

■ The final issue raised in Point IV is husband's claim that the claimed expenses on which the trial court relied in finding wife was entitled to maintenance were unreasonable. Husband, as the party challenging the maintenance award, bears the burden of showing the award was an abuse of discretion. *Runge v. Runge, supra.* This court defers to the trial court's ability to assess the credibility of witnesses. *Runez v. Runez,* 68 S.W.3d 608, 610 (Mo.App.2002). Applying these principles, this court concludes husband failed to show the trial court abused its discretion in awarding maintenance. The trial court heard the testimony of the wit-

nesses, assessed their credibility, and awarded wife maintenance. This court finds no abuse of discretion by the trial court in its determination of wife's needs for purposes of awarding maintenance. Point IV is denied.

The part of the judgment awarding maintenance retroactive from July 1, 2002, to the date the dissolution judgment was entered is reversed. The amount of child support awarded is ordered credited for the amount of temporary child support husband paid prior to entry of the dissolution judgment. In all other respects, the judgment is affirmed. The case is remanded with directions to the trial court to enter judgment consistent with this opinion.

SHRUM and BARNEY, JJ., concur.